THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br>        Plaintiff, <br><br>  v. <br><br> JEFFREY IMMETT, *et al.*, <br><br>        Defendants. | CASE NO. C22-0795-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff John Demos's objections (Dkt. No. 3) to the Report and Recommendation ("R&R") (Dkt. No. 2) of the Honorable J. Richard Creatura, Chief United States Magistrate Judge, recommending dismissal of Plaintiff's proposed action and denial of Plaintiff's *in forma pauperis* ("IFP") motion. Having thoroughly considered Plaintiff's objection and the relevant record, the Court hereby OVERRULES the objection, ADOPTS the R&R, DISMISSES the case without prejudice, and DENIES as moot the motion for IFP status.

Plaintiff seeks to proceed IFP in his lawsuit asserting that Defendants—the CEOs of three large, publicly traded corporations—breached an oral contract with him, causing him economic loss and mental, emotional, and psychological harm. (Dkt. No. 1-1 at 9–10.) However, as Judge Creatura notes, Plaintiff is a bar-order litigant who has already surpassed his annual limit of three IFP applications and proposed actions. (Dkt. No. 2 at 2 (citing cases).) Judge Creatura also

reports that Plaintiff's proposed complaint is "patently frivolous" and must be dismissed by the Court pursuant to 28 U.S.C. § 1915(A)(b)(1). (Dkt. No. 2 at 2.) Judge Creatura thus recommends Plaintiff's action be dismissed without prejudice and his IFP motion be denied as moot. (Dkt. No. 2 at 2.) Plaintiff objects. (Dkt. No. 3.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when they file "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2). Because this requires *specific* objections, general objections or repeating prior arguments is tantamount to no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And while *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they are not excused from making proper objections, *see, e.g., Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *See, e.g.*, *United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010).

Plaintiff fails to properly object to Judge Creatura's R&R. His arguments are incomprehensible, and he fails to identify any specific errors in the R&R, instead making conclusory statements that have little to do with Judge Creatura's legal determinations. Plaintiff fails to demonstrate any issues with Judge Creatura's analysis whatsoever. (*See generally* Dkt. No. 3.)

Accordingly, the Court hereby finds and ORDERS:

(1) Plaintiff's objections (Dkt. No. 3) are OVERRULED.

(2) The R&R (Dkt. No. 2) is APPROVED and ADOPTED.

(3) Plaintiff's IPF motion (Dkt. No. 1) is DENIED as moot.

(4) Plaintiff's proposed action (Dkt. No. 1-1) is DISMISSED without prejudice.

(5) The Clerk is DIRECTED to administratively CLOSE this matter and send copies of this order to Plaintiff and to the Honorable J. Richard Creatura.

DATED this 18th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE